[735 NYS2d 204]

In the Matter of RICHARD B. WILLIAMS (Admitted as RICHARD BARRY WILLIAMS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 31, 2001

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Michael F. Keesee,* Port Chester, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing nine charges of professional misconduct. After a hearing, the Special Referee sustained Charges Two through Nine. The petitioner withdrew Charge One.

The respondent now moves to confirm in part and disaffirm in part the Special Referee's report. He argues that the report should not be confirmed in full because the Special Referee failed to consider his mitigation. The respondent urges the Court to impose a term of suspension with the condition that he establish to the satisfaction of the petitioner and the Court a proper bookkeeping system for escrow and business accounts, along with any other condition that the Court deems warranted.

In its cross application, the petitioner urges the Court to confirm the Special Referee's report in full and to impose such discipline as the Court deems just and proper.

By stipulation dated January 24, 2001, the petitioner amended the charges, the respondent accepted the petitioner's exhibits in evidence without objection, and the parties agreed to certain undisputed facts.

Charge Two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly-constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about March 23, 1998, the respondent deposited or caused to be deposited the sum of $13,000 into his attorney escrow account on behalf of a client as a down payment in a real estate transaction. Between the date of the deposit and October 22, 1999, the date of closing, the respondent made disbursements against the down payment for his personal use. As a result, the balance in the respondent's escrow account fell below the amount required to be held on behalf of that client.

Charge Three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly-constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In or about July 1998, the respondent deposited the sum of $5,000 into his attorney escrow account for a matter on behalf of a client. He deposited an additional $550 into that account for the same matter in or about September 1998. On or about July 24, 1998, the respondent transferred $5,000 from his escrow account to his checking account, and transferred $550 on or about September 25, 1998. The respondent was not entitled to receive those funds, as they belonged to the client.

Charge Four alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly-constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between October 1998 and November 1998, bank charges in the sum of $120 were assessed against the respondent's attorney escrow account. Although the charges were posted on the monthly statements provided by the bank, the respondent failed to account for them. The bank charges were then imposed against funds the respondent was required to hold on behalf of others.

Charge Five alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by permitting an individual not admitted to the Bar in New York State to be an authorized signatory on a special account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). The respondent permitted this individual to act as an authorized signatory of his attorney escrow account.

Charge Six alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly-constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately March 1998 and June 1999, the respondent made at least 50 withdrawals from his attorney escrow account from an automated teller machine.

Charge Seven alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting

funds and/or failing to maintain a duly-constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately March 1998 and December 1998, the respondent disbursed, *inter alia,* four checks payable to Village Limousine for nonescrow related purposes.

Charge Eight alleges that the respondent engaged in professional misconduct by improperly making cash withdrawals from his escrow account in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). On or about January 12, 1999, the respondent disbursed a $4,000 check payable to cash from his attorney escrow account.

Charge Nine alleges that the respondent engaged in professional misconduct by commingling client funds with his own, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On various occasions, the respondent deposited earned fees into his attorney escrow account.

By virtue of the stipulation executed by the parties and received into evidence, there are no issues of fact in dispute as to Charges Two through Nine.

Based on the evidence adduced, the Special Referee properly sustained Charges Two through Nine. The respondent's motion to confirm, in part, the Special Referee's findings is granted to the extent that Charges Two through Nine are sustained.

The respondent asks the Court to impose a measure of discipline less severe than disbarment in light of the mitigating circumstances. At the hearing, the respondent testified about the emotional upheaval in his life caused by family problems, and about how those problems left him unable to concentrate on his paperwork or "put any kind of vigor in the practice." The respondent also testified about a divorce action in 1995. The respondent emphasizes that his clients received their money upon request.

Notwithstanding the respondent's alleged lack of venality and the mitigation offered, he has committed a pattern of serious violations of his fiduciary duty warranting his disbarment.

BRACKEN, P. J., RITTER, SANTUCCI, KRAUSMAN and S. MILLER, JJ., concur.

Ordered that the respondent's motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that Charges Two through Nine are sustained, and the motion is otherwise denied; and it is further,

Ordered that the petitioner's cross application is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard B. Williams, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard B. Williams is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.